Larry R. Laycock (Utah State Bar No. 4868)
  llaycock@mgiip.com
Jared J. Braithwaite (Utah State Bar No. 12455)
  jbraithwaite@mgiip.com
Adam B. Beckstrom (Utah State Bar No. 14127)
  abeckstrom@mgiip.com
MASCHOFF GILMORE & ISRAELSEN
1441 West Ute Boulevard, Suite 100
Park City, Utah 84098
Telephone:  (435) 252-1360
Facsimile:  (435) 252-1361

Attorneys for Plaintiff LUMOS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **LUMOS, INC.**, a Utah corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**LIFESTRENGTH, L.L.C.**,<br>  a Utah limited liability company,<br><br>　　　　　Defendant. | Civil Action No. 2:12-cv-01196-PMW<br><br>**COMPLAINT**<br><br>JURY DEMANDED<br><br>Magistrate Judge Paul M. Warner |

　　　　Plaintiff Lumos, Inc. ("Lumos") complains against defendant LifeStrength, L.L.C.

("LifeStrength") for the causes of action alleged as follows:

## THE PARTIES

1. Lumos is a corporation duly organized and existing under the laws of the State of Utah, with its principal place of business located at 1119 South 1680 West Orem, UT 84058.

2. Upon information and belief, LifeStrength is a corporation organized and existing under the laws of Utah, with its principal place of business located at 1224 South River Road, Suite B100, St. George, Utah 84790.

## JURISDICTION AND VENUE

3. This is a civil action for copyright infringement arising under the Copyright Act 17 U.S.C. § 101 *et seq*.

4. This is an action for trade dress infringement arising under the Lanham Act of 1946, as amended, 15 U.S.C. § 1052, *et seq*.

5. This is a civil action for unfair competition arising under Utah Code Ann. § 13-5a-101, *et seq*.

6. This is a civil action for deceptive trade practices arising under Utah Code Ann. § 13-11a-1, *et seq*.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367(a) because they arise out of the same occurrences alleged in the Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

8. This Court has personal jurisdiction over LifeStrength because LifeStrength is incorporated in the State of Utah, holds its principle place of business in Utah, has purposefully

availed itself of the privileges and benefits of the laws of the State of Utah, and has committed acts of copyright and trade dress infringement, as well as acts of deceptive business practices and unfair competition, within this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

**Lumos's Copyrighted Instructional Videos**

10. Lumos is a privately held company that designs, develops, and distributes sports medicine products.

11. Lumos products are distributed worldwide to individuals, medical professionals, and teams through major retailers, specialty sports stores, medical distributors, and team distributors worldwide.

12. KT Tape brand kinesiology tape is Lumos's flagship product line.

13. KT Tape is useful in therapy to reduce soreness in overused and injured muscles and in rehabilitation to accelerate recovery.

14. In January 2012, Lumos created and published a series of short original instructional videos to demonstrate the proper technique for applying KT Tape to treat common injuries. These videos are copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101, *et seq*.

15. Lumos complied in all respects with the provisions of the Copyright Act and each instructional video in the series is marked with notice of copyright along with the year of first publication, 2012.

16. On or about October 24, 2012, Lumos registered the copyright with the United States Copyright Office and was granted Certificate of Registration No. PA0001811032 for its collection of works entitled "KT Tape Instructional Videos" ("'032 Registration").

17. Lumos is, and has been at all relevant times, the owner of the '032 Registration and of all rights in the copyright on its instructional videos. Lumos has never assigned the copyright in these works to any other entity.

**LifeStrength's Infringement of Lumos's Copyrighted Videos**

18. At least as early as July 2012 LifeStrength copied, or caused to be copied, at least six of Lumos's copyrighted instructional videos and published them on the video hosting website vimeo.com. By October 2012 LifeStrength had copied, or caused to be copied, at least twenty-one of Lumos's copyrighted instructional videos, published them on vimeo.com, and further published them on LifeStrength's website www.strengthtape.com.

19. As of October 24, 2012, the copied videos posted on www.strengthtape.com included the following titles:  General Application Instructions, Outside Knee, Hip Flexor, Shin Splints – Posterior, Plantar Fasciitis, Osgood Schlatter, Inner Knee, Ham String, Groin, Gluteus, Finger Jam, Calf Strain, Bicep, Back of Knee, AC Joint, Full Knee, Quad Strain, General Elbow, Lower Back, Shoulder/Neck, and Ankle/Foot ("Infringing Videos").

**Lumos's KT Tape Trade Dress**

20. Lumos uses a unique trade dress for its KT Tape brand pre-cut strips of kinesiology tape consisting of a combination of features, including, but not limited to, kinesiology tape packaged in a roll of 20 strips that are pre-cut in a rectangular shape with rounded corners to 27 cm by 5 cm, adhered to a white non-stick backing, manufactured in a

single solid color selected from lime, blue, black, pink, beige, navy blue, purple, and red, marked with a printed logo near one end of each strip.

21. The rolls of kinesiology tape are packaged and sold in dark-colored boxes that include the following features: a double thickness hanging portion protruding from the back of the box that includes a cutout at the top to hang the box from; opens from the top by pulling out a fold in tab; bold, all capital, san-serif style-font for all forward facing text; font colors that alternate between white and neon orange; the KT TAPE trademark prominently printed on the hanging portion of the box with the first part of the mark, "KT" printed in white font and the later part "TAPE" printed in neon orange; a female model in athletic apparel on the front of the box, the model positioned with one shoulder, that has been taped with multiple pieces of KT TAPE, facing forward; a clear, square plastic viewing window with rounded corners featured on the side of the box which permits a consumer to view the roll of tape contained within the box; a list of common injuries on the back of the box, directions to the company website for video instructions and an associated QR code on the side of the box; a SKU located on the bottom of the box; a user warning on the bottom of the box; and a list of product advantages listed on the side of the box.

22. The unique style and design of Lumos's KT Tape and its packaging are referred to herein as the "KT Tape Trade Dress."

23. As a result of Lumos's continuous use of the KT Tape Trade Dress, including advertisement, marketing, and sales utilizing this trade dress, the KT Tape Trade Dress has become an asset of substantial value to Lumos as a distinctive indication of the origin and quality of Lumos's KT Tape brand products.

24.     Lumos uses the KT Tape Trade Dress in interstate commerce in connection with the sale and advertising of its products nationwide and throughout the world.

25.     By using the KT Tape Trade Dress Lumos has developed significant and valuable goodwill in this mark.

**LifeStrength's Infringement of Lumos's Trade Dress**

26.     Upon information and belief, LifeStrength copied Lumos's distinctive KT Tape Trade Dress for use in LifeStrength's packaging, marketing, and sales of its kinesiology tape product, StrengthTape.

27.     LifeStrength's colorable imitation of the KT Tape Trade Dress is likely to cause confusion, mistake, or deception, as those encountering LifeStrength's StrengthTape will mistakenly assume that LifeStrength's StrengthTape is sponsored, endorsed, approved by, or connected with Lumos, when in fact it is not.

28.     LifeStrength's previously enumerated actions have caused, and continue to cause, Lumos extensive financial damage, and damage to the value and goodwill of Lumos's trade dress.

29.     In addition to the significant financial damage that Lumos has and is suffering as a result of LifeStrength's actions, Lumos is suffering immediate and irreparable harm as a result of LifeStrength's actions.

## FIRST CLAIM FOR RELIEF
## Copyright Infringement, 17 U.S.C. § 501

30.     By this reference Lumos realleges and incorporates the foregoing paragraphs as though fully set forth herein.

31. Lumos created and is the owner of all rights in and to the '032 Registration.

32. Lumos, as owner of all rights and interest in and to the '032 Registration, is entitled to exclusive rights to use, reproduce, distribute, publicly display, publish, and prepare derivative works of the same under the Copyright Act, 17 U.S.C. § 106.

33. Upon information and belief, the Infringing Videos were copied from Lumos's copyrighted series of instructional videos.

34. LifeStrength was not, and is not, authorized to copy, reproduce, distribute, publicly display, publish, or prepare derivative works that infringe Lumos's rights in the copyright registered in the '032 Registration.

35. LifeStrength's acts of copying, reproduction, publication, and public display of Lumos's instructional videos, covered by the '032 Registration, violate Lumos's exclusive rights granted by 17 U.S.C. § 106, and constitute infringement under 17 U.S.C. § 501.

36. As each video in the series is marked with notice of copyright protection, upon information and belief, LifeStrength was aware of Lumos's rights in the copyright to Lumos's series of instructional videos and had reason to believe that its acts constituted an infringement of Lumos's copyright, thereby rendering LifeStrength's infringement willful.

37. By reason of LifeStrength's infringement, Lumos has sustained, and will continue to sustain substantial injury, loss, and damage to its ownership rights in its copyrighted instructional videos.

38. Further, irreparable harm to Lumos is imminent as a result of LifeStrength's conduct, and Lumos is without and adequate remedy at law. Lumos is therefore entitled to an injunction restraining LifeStrength, its officers, directors, agents, employees, representatives, and

all persons operating in concert with it from engaging in further such acts of copyright infringement, pursuant to 17 U.S.C. § 502.

39. Lumos is further entitled, during the pendency of this action, to an order from the Court impounding LifeStrength's Infringing Videos, and, as part of the Court's final judgment or decree, an order that LifeStrength's Infringing Videos be destroyed pursuant to 17 U.S.C. § 503.

40. Lumos is further entitled to recover the actual damages suffered as a result of the infringement, in an amount to be proven at trial, along with LifeStrength's profits that are attributable to the infringement, pursuant to 17 U.S.C. § 504, along with Lumos's costs and attorney's fees, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### Trade Dress Infringement, 15 U.S.C. § 1125(a)

41. By this reference Lumos realleges and incorporates the foregoing paragraphs as though fully set forth herein.

42. LifeStrength's use of the KT Tape Trade Dress is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection or association of LifeStrength's products with Lumos, or as to the approval of LifeStrength's products by Lumos, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to the KT Tape Trade Dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. LifeStrength's actions have taken place with full knowledge of the KT Tape Trade Dress and therefore have been intentional, deliberate, and willful.

44. Lumos has suffered and will continue to suffer irreparable injury for which Lumos has no adequate remedy at law.

45. Lumos is entitled to damages in an amount to be established at trial.

46. Lumos has no adequate remedy at law for the irreparable injury it has suffered and will continue to suffer unless LifeStrength is both preliminarily and permanently enjoined from their infringing and improper conduct.

## THIRD CLAIM FOR RELIEF
### Utah State Law Unfair Competition

47. By this reference Lumos realleges and incorporates the foregoing paragraphs as though fully set forth herein.

48. LifeStrength, by its actions set forth hereinabove, has engaged in intentional business acts or practices that are unlawful, unfair, or fraudulent, including the infringement of the KT Tape Trade Dress, and that have caused a material diminution in the value of the trademarks, trade names, patents, and other intellectual property held by Lumos, in violation of, *inter alia*, Utah Code Ann. § 13-5a-101 *et seq*.

49. By reason of the foregoing, Lumos has suffered damages and irreparable harm.

50. By reason of the foregoing, Lumos is entitled to actual and punitive damages from LifeStrength, along with its attorney fees and costs pursuant to at least Utah Code Ann. § 13-5a-103(1)(b) as more fully set forth hereinbelow.

## FOURTH CLAIM FOR RELIEF
## Utah State Law Deceptive Trade Practices

51. Lumos restates, realleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

52. LifeStrength, by its actions as set forth hereinabove, has caused, is causing, and will continue to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of their products; have caused, are causing, and will continue to cause a likelihood of confusion or misunderstanding as to the affiliation, connection, association with, or certification by another of their products; represented, represent, and will continue to represent that their goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have; and have thereby engaged in deceptive trade practices, pursuant to, *inter alia*, Utah Code Ann. §§ 13-11a-3(1)(b), (c), and (e).

53. LifeStrength's conduct as set forth hereinabove gives rise to a cause of action for deceptive trade practices and related wrongs under the statutory and common law of the State of Utah and other states, including at least Utah Code Ann. § 13-11a-1, *et seq*.

54. On information and belief, LifeStrength has engaged in deceptive trade practices against Lumos in willful and deliberate disregard of the rights of Lumos and the consuming public.

55. By reason of LifeStrength's deceptive trade practices, Lumos has suffered damages and irreparable harm.

56. By reason of the foregoing, Lumos is entitled to injunctive and monetary relief against LifeStrength, along with its attorney fees and costs, pursuant to at least Utah Code Ann. §§ 13-11a-4(2)(a), (b), and (c), as more fully set forth hereinbelow.

## PRAYER FOR RELIEF

WHEREFORE, Lumos prays for entry of a final order and judgment as follows:

A. A judgment finding that LifeStrength has infringed Lumos's copyrights;

B. A judgment finding that LifeStrength liable for infringement of KT Tape Trade Dress, unfair competition, and deceptive trade practices;

C. Lumos be granted preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 enjoining LifeStrength, its officers, agents, servants, employees, and all those persons in active concert or participation with it from further acts of infringement of Lumos's copyrights;

D. This Court issue an order impounding LifeStrength's Infringing Videos pursuant to 17 U.S.C. § 503;

E. As part of final judgment, this Court order the destruction of LifeStrength's Infringing Videos pursuant to 17 U.S.C. § 503;

F. An order of this Court temporarily, preliminarily, and permanently enjoining LifeStrength, its principals, agents, and servants, and any and all parties acting in concert with any of them from directly or indirectly infringing in any manner the KT Tape Trade Dress in connection with products or otherwise, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a);

G.  An order of this Court permanently enjoining LifeStrength, its agents and servants, and any and all parties acting in concert with any of them from producing, manufacturing, marketing, advertising, promoting, offering for sale, selling, or distributing infringing products, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a) and Utah Code Ann. § 13-11a-4(2)(a);

H.  An order of this Court permanently enjoining LifeStrength, its agents and servants, and any and all parties acting in concert with any of them from engaging in deceptive trade practices, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), and Utah Code Ann. § 13-11a-4(2)(a);

I.  An order of this Court directing LifeStrength to destroy its entire stock of infringing products, together with all labels, signs, prints, packages, wrappers, receptacles, and advertisements, as well as all plates, molds, matrices, or other means of making the same pursuant to at least Section 36 of the Lanham Act, 15 U.S.C. § 1118;

J.  Lumos be awarded its actual damages, together with LifeStrength's profits that are attributable to LifeStrength's infringement of Lumos's copyrights pursuant to 17 U.S.C. § 504;

K.  An award of three times LifeStrength's profits or Lumos's damages, whichever is greater, pursuant to at least Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

L.  An award of Lumos's damages and LifeStrength's profits in an amount to be proven at trial, pursuant to applicable state statutory and common law, including at least the greater of Lumos's actual damages or $2,000, pursuant to Utah Code Ann. § 13-11a-4(2)(b);

M.  Lumos be awarded costs and attorney's fees under 17 U.S.C. § 505;

N. For a declaration that this is an exceptional case under 15 U.S.C. § 1117, and for an associated award of Lumos's attorney fees;

O. Lumos be awarded damages, costs, attorney fees, and punitive damages from LifeStrength for infringement of Lumos's trade dress, pursuant to at least Utah Code Ann. § 13-5a-103;

P. Prejudgment interest, pursuant to at least Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

Q. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

R. Lumos be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lumos demands trial by jury on all claims and issues so triable.

DATED:  December 21, 2012.                                MASCHOFF GILMORE & ISRAELSEN

By: *[signature: Jared J. Braithwaite]*

Attorneys for Plaintiff LUMOS, INC.